*327 Ricardo I. Gill, a prisoner under sentence of death, appeals the circuit court’s order finding Gill competent to discharge his postconviction counsel and waive post-conviction proceedings filed pursuant to Florida Rule of Criminal Procedure 3.851. We have jurisdiction pursuant to article V, section 8(b)(1), of the Florida Constitution.
After this Court affirmed Gill’s death sentence on direct appeal, see Gill v. State, 14 So.3d 946, 967 (Fla.2009), Gill’s postcon-viction proceedings were assigned to the Eighth Judicial Circuit Court for Union County, Florida, and D. Todd Doss was appointed as counsel for Gill. Shortly thereafter, Gill sought to discharge Doss as postconviction counsel and waive the postconviction proceedings. After holding a combined competency, Faretta, and Durocher hearing, the circuit court found Gill competent and issued an order discharging Doss and dismissing the proceedings. See Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (requiring a hearing to determine if an accused’s unequivocal request for self-representation should be granted); Durocher v. Singletary, 623 So.2d 482, 485 (Fla.1993) (requiring trial courts to evaluate defendants to determine if they understand the consequences of waiving collateral counsel and proceedings). Both Gill and Doss filed notices of appeal from the decision of the circuit court. This Court then issued a briefing schedule assuming that Gill and Doss would file separate briefs, but Gill did not file a brief in this case. On appeal, Doss contends on behalf of Gill that: (1) Gill was not afforded constitutionally adequate competency, waiver of postconviction, and discharge of counsel proceedings in violation of the Eighth and Fourteenth Amendments; and (2) the circuit court erred in finding Gill competent to waive postconviction proceedings and discharge counsel. Doss asks this Court to vacate the circuit court’s rulings and remand this cause to the circuit court for a constitutionally adequate competency hearing and a new hearing on waiver of postconviction proceedings and discharge of counsel.
Doss contends that: (a) Dr. Brian Cooke, one of the two expert witnesses who testified regarding Gill’s competence, was unqualified because he was unfamiliar with the legal and procedural aspects of postconviction proceedings; and (b) the two experts, Drs. Cooke and Harry Rrop, were unable to view Gill’s medical and disciplinary records from the Department of Corrections prior to evaluating him because the postconviction court denied Doss’s request to order them released out of respect for Gill’s desire to keep them confidential. Doss also cites Gill’s allegedly bizarre behavior and notes that Gill told the experts he had not researched appellate procedure prior to waiving the proceedings.
Regarding his first claim, Gill is not entitled to relief for several reasons. First, this claim was not properly preserved for appellate review. See Doorbal v. State, 983 So.2d 464, 492 (Fla.2008) (“For an issue to be preserved for appeal, it must be presented to the lower court, and the specific legal argument or ground to be argued on appeal must be part of that presentation.”). Second, the circuit court did not abuse its discretion by finding that Dr. Cooke, a forensic psychiatrist at the University of Florida who had previously testified as an expert regarding competency, was qualified as an expert. See Ramirez v. State, 542 So.2d 352, 355 (Fla.1989) (“The determination of a witness’s qualifications to express an expert opinion is peculiarly within the discretion of the *328 trial judge, whose decision will not be reversed absent a clear showing of error.”). Finally, the circuit court did not abuse its discretion in excluding evidence of Gill’s medical records and disciplinary records from the Department of Corrections. See Frances v. State, 970 So.2d 806, 813 (Fla.2007) (noting that a trial court’s ruling on the admission or exclusion of evidence is reviewed for an abuse of discretion). Gill’s attorney, Doss, did not preserve this issue for appeal because he failed to proffer the records under seal. See Baker v. State, 71 So.3d 802, 816 (Fla.2011) (stating that the party seeking to admit evidence must proffer the contents of the excluded evidence to the trial court to preserve a claim of error), cert. denied, - U.S. -, 132 S.Ct. 1639, 182 L.Ed.2d 238 (2012). In addition, it was at Gill’s direction that the trial court did not order the release of the medical records and disciplinary records. Cf. Gore v. State, 24 So.3d 1, 15 (Fla.2009) (concluding, in an ineffective assistance of counsel context, that the trial court did not err in ruling any inability of current counsel to obtain the records was due primarily to Gore’s own decision not to release them).
As to his second claim, Gill is not entitled to relief. “Once a defendant has been deemed competent, the presumption of competence continues throughout all subsequent proceedings.” Dessaure v. State, 55 So.3d 478, 482-83 (Fla.2010). Gill was found competent to stand trial in 2005 and that finding was affirmed by this Court. See Gill, 14 So.3d at 960. In this proceeding, Gill has failed to present any facts that demonstrate he is incompetent; his arguments merely reflect that he wishes to set aside his waiver because he has changed his mind. See Trease v. State, 41 So.3d 119, 125, 126 (Fla.2010) (holding that “the party challenging the defendant’s waiver request bears the burden of proving that the defendant is incompetent” (quoting Durocher, 623 So.2d at 485) and holding that a mere change of mind is an insufficient basis for setting aside a prior valid waiver). In addition, the circuit court did not abuse its discretion because its determination was supported by competent, substantial evidence. Id. at 124 (stating that this Court reviews a trial court’s ruling regarding competency to waive posteonviction counsel and proceedings in a death penalty case for an abuse of discretion); Gore, 24 So.3d at 10 (stating that a trial court’s determination of competency supported by competent, substantial evidence will not be disturbed on appeal).
Accordingly, we affirm the circuit court’s order finding Gill competent to discharge his postconviction counsel and waive post-conviction proceedings.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, LABARGA, and PERRY, JJ., concur.
CANADY, J., concurs in result.